IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANITA PIERCE and the Intestate Estate of WILLIAM E. SHOWERS, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ODYSSEY HEALTHCARE, INC., *et al.*, )<br>)<br>Defendants. ) | CIVIL ACTION 06-0561-WS-B |

**ORDER**

This matter is before the Court on the parties' responses to the undersigned's Order (doc. 13) dated January 17, 2007, as well as on defendant Leigh Ann Parker's Motion to Dismiss (doc. 16). The issues raised by these submissions are now ripe for disposition.

**I.     Background.**

On August 3, 2006, plaintiff Anita Pierce, proceeding as attorney in fact for William E. Showers, filed suit in the Circuit Court of Mobile County, Alabama, against defendants Odyssey Healthcare, Inc.; Odyssey Healthcare, Inc. d/b/a Odyssey Healthcare of Mobile (collectively, "Odyssey"); Leighann Brown; and numerous fictitious defendants.[1]  The Complaint alleges state-law causes of action for negligence, wantonness and willfulness pertaining to an incident on June 12, 2006, in which Showers sustained serious injuries after falling in the shower while a patient at Odyssey's hospice care facility in Mobile, Alabama. According to the Complaint, defendant Brown, a citizen of Alabama, was a nurse at Odyssey who "was responsible for the overall care received by Mr. Showers including the care given by nursing, nursing aids,

---

[1]     Fictitious party pleading is not generally permitted in federal court. *See* Rule 10(a), Fed.R.Civ.P. (caption of complaint "shall include the names of all the parties"); 28 U.S.C. § 1441(a); *Rommell v. Automobile Racing Club of America, Inc.*, 964 F.2d 1090, 1098-99 n.14 (11th Cir. 1992); *Collins v. Fingerhut Companies, Inc.*, 117 F. Supp.2d 1283 n.1 (S.D. Ala. 2000) ("fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure"); *Weeks v. Benton*, 649 F. Supp. 1297, 1298 (S.D. Ala. 1986) ("Fictitious party practice is not authorized by the Federal Rules of Civil Procedure or any other federal statute."). Accordingly, plaintiffs' claims against fictitious defendants are hereby **dismissed**.

therapists and orderlies." (Complaint, ¶ 16.)

On September 14, 2006, defendants Odyssey and Leigh Ann Parker (who contends that she was misidentified in the Complaint as "Leighann Brown")[2] removed this action to this District Court pursuant to 28 U.S.C. §§ 1332 and 1441. Defendants contended that federal jurisdiction was proper pursuant to 28 U.S.C. § 1332, in that there was complete diversity of citizenship and the amount in controversy exceeded $75,000. Defendants' diversity argument proceeded despite the fact that Pierce, Showers and Parker are all Alabama citizens. Defendants contended that Parker's Alabama citizenship was irrelevant for jurisdictional purposes because she was fraudulently joined, inasmuch as there was no possibility that plaintiffs could establish a cause of action against her. At no time did plaintiffs seek to remand this action to state court, nor did they otherwise argue that Parker's fraudulent joinder argument was lacking in merit. To resolve the issue of whether Parker was or was not fraudulently joined, and in light of the clear jurisdictional implications of that determination, the undersigned *sua sponte* ordered the parties to submit briefing on that question. The parties have now done so and, furthermore, defendant Parker has filed a Motion to Dismiss.

**II.     Analysis.**

  *A.     Fraudulent Joinder.*

   *1.     Governing Legal Standard.*

As mentioned *supra*, defendants based removal on diversity of citizenship. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.*; *see Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Section 1332 demands complete diversity, such that no plaintiff may be a citizen of the same state as any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith,*

---

[2]     Parker first pointed out back in September 2006 that plaintiffs had incorrectly named her in the Complaint. Plaintiffs apparently do not disagree, inasmuch as they have never suggested in any filing that Parker is not a defendant or that some other person named "Leighann Brown" exists who is the true defendant. Despite these circumstances, plaintiffs have never sought to amend their complaint to correct Parker's identity, and have thereby allowed the confusion to persist whereby a person named Leighann Brown is the named defendant but a person named Leigh Ann Parker was actually served with process and is joined herein.

*Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).  That said, however, a non-diverse defendant who is fraudulently joined does not defeat diversity because her citizenship is excluded from the diversity calculus.  Thus, "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287.  Under well established law, a finding of fraudulent joinder is appropriate in the circumstances presented here only if "there is no possibility the plaintiff can establish a cause of action against the resident defendant. ... The defendant must make such a showing by clear and convincing evidence." *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  In assessing a fraudulent joinder objection, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor."  *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

      For purposes of this inquiry, the Court is mindful that "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287; *see also GMFS, L.L.C. v. Bounds*, 275 F. Supp.2d 1350, 1353-54 (S.D. Ala. 2003) ("A defendant (typically a resident of the forum) is fraudulently joined if there is no possibility that the plaintiff can prove a cause of action against him."); *Raye v. Employer's Ins. of Wausau,* 345 F. Supp.2d 1313, 1317 (S.D. Ala. 2004) (similar).  "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287; *see also Pacheco de Perez*, 139 F.3d at 1380 (noting that a mere "colorable claim" is sufficient to negate fraudulent joinder argument).  Nonetheless, it bears emphasizing that "[t]he potential for legal liability must be reasonable, not merely theoretical," in order to foil a fraudulent joinder objection.  *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (observing that possibility of liability is evaluated by reason and common sense, and that more is required than such a possibility that a designated residence might be struck by a meteor on a given evening) (citations omitted).[3]

---

      [3] In weighing the parties' respective arguments, the Court examines "the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts

       *2.*  *Parties' Positions as to Defendant Parker.*

  In removing this action, defendants submitted the Affidavit of Leigh Ann Parker, wherein she averred that as of June 12, 2006, Showers resided at Ashbury Manor, an assisted living facility wherein he received round-the-clock care. According to Parker's Affidavit, she "only provided care to William Showers as a nurse on a limited basis of one to two visits per week lasting approximately one hour at most." (Parker Aff., at 1.) Parker further avers that she was not responsible for Showers' overall care, but was instead part of an inter-disciplinary team. (*Id.*) Of critical importance to the fraudulent joinder issue are Parker's averments that she "did not visit or provide any care to William Showers on June 12, 2006," that the last time before June 12 that she had visited and provided care to Showers was on June 6, 2006, and that she "did not employ anyone who provided care to William Showers." (*Id.*) Because Parker neither participated in Showers' care on the date of his injuries nor supervised or controlled others who did, defendants reason, there is no possibility that plaintiffs can establish a viable cause of action against Parker under Alabama law for negligence, wantonness or wilfulness.

  In their court-ordered response, plaintiffs do not contest in any way that Parker was fraudulently joined. Plaintiffs do not contend that there is a reasonable possibility that Parker may be held liable for the events at issue in this case. They do not quarrel with any aspect of Parker's Affidavit or suggest that they have any evidence, information, or reason to believe that it is incorrect in any material respect. They do not suggest that there is some legal ground for holding Parker liable under the theories alleged in the Complaint if her Affidavit is accurate. Instead, plaintiffs' response consists of the following: (a) a statement that at the time the Complaint was filed counsel reasonably believed Parker to be the Odyssey employee who caused Showers' injuries on June 12, 2006; (b) a statement that plaintiffs' counsel has since received information identifying the culpable employee as someone else; (c) an admission that "the Plaintiff apparently named the wrong individual in her complaint" (Plaintiffs' Response (doc. 14), at 3); and (d) a suggestion that plaintiffs will correct the defect by naming the proper

---

submitted by the parties." *Legg*, 428 F.3d at 1322 (citation omitted). In that respect, the procedural mechanism for resolving a fraudulent joinder objection is akin to that utilized on summary judgment. *See id.*

defendant in due course.

Viewing these submissions collectively, it is evident that the parties agree that there is no reasonable potential that defendant Parker may be held legally responsible as to plaintiffs' causes of action set forth in the Complaint. There being no dispute on this point and ample evidence in the record to support it, the Court finds that defendant Parker has been fraudulently joined in these proceedings. In light of that finding, Parker's Alabama citizenship is irrelevant for jurisdictional purposes. As it appears that complete diversity lies with respect to the other parties and that the jurisdictional amount in controversy is satisfied, federal subject matter jurisdiction properly lies under 28 U.S.C. § 1332.

### B.     *Motion to Dismiss.*

During the briefing process on the jurisdictional issue, defendant Parker filed a Motion to Dismiss (doc. 16) asking that the claims against her be dismissed in light of plaintiffs' apparent acquiescence in defendants' fraudulent joinder contention. The Court has found that there is no reasonable likelihood that plaintiffs may prevail in their claims against Parker in this litigation. Plaintiffs have not argued to the contrary; indeed, they did not submit any opposition to the Motion to Dismiss. In their other filings, plaintiffs have effectively conceded that the Complaint named the wrong defendant. Because all parties appear in concurrence that Parker does not belong in this lawsuit as a defendant and that plaintiffs cannot prevail against Parker in any circumstance, the Motion to Dismiss is **granted** pursuant to Rule 12(b)(6), Fed.R.Civ.P., and plaintiffs' claims against Parker are **dismissed without prejudice**.[4]

### C.     *Prospective Amendments.*

The parties devote substantial attention to arguing about whether plaintiffs should be permitted at some future date to amend their pleadings to name the proper individual defendant. Plaintiffs contend that a viable claim does exist against an Alabama citizen (not Parker) and that plaintiffs intend to amend their pleadings at some unspecified future time to add that person as a party defendant, thereby destroying diversity jurisdiction. Defendants respond by asking the

---

[4] The claims against Parker will be dismissed without prejudice to allow for the remote possibility that plaintiffs' discovery efforts might unveil some colorable basis for re-instituting their claims against Parker. In that event, the undersigned will entertain a timely filed request to amend the pleadings.

Court to "enter an Order barring Plaintiff from amending her Complaint to add additional defendants." (Defendants' Reply (doc. 18), ¶ 14.)  These debates are premature.  No motion to amend the pleadings has been filed, and the deadline for such motions does not expire until March 16, 2007.  (*See* doc. 13.)  This Court will not enter an advisory ruling as to how it will rule on any motion that plaintiffs might file seeking to add a non-diverse party defendant.[5]

### III. Conclusion.

For all of the foregoing reasons, it is hereby **ordered** as follows:

1. The Court finds that the exercise of federal subject matter jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332, inasmuch as defendant Parker's non-diverse status is irrelevant because she was fraudulently joined.

2. Defendant Leigh Ann Parker's Motion to Dismiss (doc. 16) is **granted**, and the claims against her (whether in her name or in that of Leighann Brown) are **dismissed without prejudice**.

3. Plaintiffs' claims against fictitious party defendants are **dismissed**.

DONE and ORDERED this 1st day of March, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5] That said, the Court reminds the parties that the permissive Rule 15(a) standard yields to a specific statute, 28 U.S.C. § 1447(e), when a plaintiff seeks to amend her complaint following removal in a manner that would join new defendants whose presence would destroy diversity jurisdiction.  *See, e.g., Bevels v. American States Ins. Co.*, 100 F. Supp.2d 1309, 1312 (M.D. Ala. 2000) ("This court agrees with the reasoning of other federal courts that 28 U.S.C. § 1447(e), rather than Rule 15(a), should apply when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal."); *Clinco v. Roberts*, 41 F. Supp.2d 1080, 1086-87 & n.4 (C.D. Cal. 1999) (adopting prevailing view that § 1447(e) trumps Rule 15(a) when proposed amendment would eliminate diversity).  In that regard, the parties would be well advised to examine the discussion of § 1447(e) set forth in the undersigned's recent unpublished opinion in *Sharp v. Wal-Mart Stores, Inc.*, 2007 WL 215644 (S.D. Ala. Jan. 25, 2007).